# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **S.J.**, *a minor child, by her mother and natural guardian*, **LORA JONES,**<br><br>Plaintiff,<br><br>v.<br><br>**AVANTI PRODUCTS LLC, THE MACKLE/AVANTI PRODUCTS CORPORATION, XYZ, CORP 1-5, ABC, INC 1-5,** *and* **JOHN DOES 1-5,**<br><br>Defendants. | 2:18-cv-15003-WJM-MF<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Lora Jones, the mother and guardian of S.J., a minor child, brings this action against Avanti Products LLC and Mackle/Avanti Products Corporation, the designer, manufacture, and/or distributor of an allegedly defective hot water dispenser. ECF No. [1]. Defendants filed their answer and affirmative defenses on January 11, 2019. ECF No. [5]. Plaintiff now moves to strike Defendants' twenty-third and twenty-fourth affirmative defenses. ECF No. [7] ("Motion"). For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND AND THE INSTANT MOTION

Defendants are the designers, manufacturers, and/or distributors of an Avanti WHC-59 hot water dispenser. On November 7, 2002, S.J., then a one year old, was able to operate the hot water dispenser causing the child severe burns and permanent scaring. ECF No. [1] ¶¶ 8–12. Based on these facts, Plaintiff alleges two causes of action against Defendants: Count I: Violation of the New Jersey Products Liability Act and Count II: Punitive Damages. *Id.* ¶¶ 13–28.

In response to Plaintiff's Complaint, Defendants answered and asserted twenty-four affirmative defenses. Plaintiff now moves to strike affirmative defenses twenty-three and twenty-four, which read as follows:

<u>TWENTY-THIRD SEPARATE DEFENSE</u>

The plaintiff's claim against this defendant is barred by the Doctrine of Release and thus plaintiff's rights have been extinguished. The claim was

> brought previously and settled.
>
> TWENTY-FOURTH SEPARATE DEFENSE
>
> The Complaint, in whole or in part, is barred by the doctrine of collateral estoppel or res judicata.

*See* ECF No. [5] at 8–9. In response to the Motion, Defendants argue that at least one of their employees, Giseelle Dresda, has a "vague recollection" that a claim was brought and settled around the time of the incident. ECF No. [8]. Defendants further note that they have not been able to locate documentary records regarding any settlement, but argue that the affirmative defense is asserted in good faith and striking at this time is inappropriate before they have had sufficient time to fully investigate. *Id.* On reply, Plaintiff argues that the evidence set forth by Defendants in support of the challenged affirmative defenses is insufficient. Plaintiff further argues that Defendants' "good faith" belief regarding a settlement cannot defeat a motion to strike. ECF No. [9].

## II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision is discretionary. *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011). However, "[a]s a general matter, motions to strike under Rule 12(f) are highly disfavored." *Thompson v. Real Estate Mortg. Network, Inc.*, No. 11-1494, 2018 WL 4604310, at *2 (D.N.J. Sept. 24, 2018) (citing F.T.C, 2011 WL 883202, at *1).

As noted above, Rule 12(f) sets forth two standards for striking matter from a pleading: (1) "an insufficient defense," or (2) "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). First, "[a]n affirmative defense is insufficient if it is not recognized as a defense to the cause of action." *F.T.C*, 2011 WL 883202, at *2 (citing *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)) (internal quotations omitted). Third Circuit has instructed that a district court "should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent," *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). Accordingly, a motion to strike an affirmative defense "will only be granted 'when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading.' " *F.D.I.C. v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994) (citing *Glenside West Corp. v. Exxon Corp.*, 761 F. Supp. 1100, 1115 (D.N.J. 1991)). Second, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Id.* Indeed, motions to strike "will generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (citing *Tonka*, 836 F. Supp. at 217) (internal quotations omitted).

### III. DISCUSSION

The Court agrees with Defendants that striking affirmative defenses twenty-three and twenty-four is inappropriate. Plaintiff argues that Defendants have supplied insufficient evidence regarding the alleged settlement. But the standard on a motion to strike an "insufficient defense" is not whether Defendants have provided sufficient evidence in support of that defense, but whether it is "legally insufficient under any set of facts which may be inferred from the allegations of the pleading." *F.D.I.C.*, 859 F. Supp. at 120. Plaintiff asserts products liability claim against Defendants regarding an incident that occurred over sixteen years ago. If Plaintiff previously settled a claim related to the facts alleged in the Complaint, it cannot be said that affirmative defenses regarding that settlement have "no possible relation to the controversy." *Garlanger*, 223 F. Supp. 2d at 609 (citing *Tonka*, 836 F. Supp. at 217). Accordingly, Court must deny the Motion.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Strike is **DENIED**. An appropriate order follows.

Dated: February 26, 2019

        */s/ William J. Martini*
        **WILLIAM J. MARTINI, U.S.D.J.**